THE STATE OF VERMONT *v.* THE TOWN OF WOODBURY.

*Contribution of towns for support of highways. Jurisdiction.*

The right of one town to claim, and of the county court to order contribution from another town towards the expense of making a highway is not limited and confined to towns in the same county with the town claiming, and the court ordering the contribution.

INDICTMENT for neglect to open a public highway laid out, and ordered to be built by the respondent town. Plea, not guilty; trial by the court, March Term, 1854,—POLAND, J., presiding.

The report of the commissioners and the order of the county court thereon, by which the highway was laid, for not opening which this

prosecution was instituted, was introduced in evidence, from which it appeared that the commissioners, at the time they laid said highway, believing that the town of Woodbury would be excessively burdened by defraying the whole expense of grading and making said road, which they estimated at $1,000, and that the town of Montpelier, in the county of Washington, and the town of Hardwick, in the county of Caledonia, would be especially benefited thereby, and that they ought to bear a portion of said expense, did, after notice to, and a hearing in behalf of said towns, assess the said town of Montpelier $425, and the said town of Hardwick $275, towards said expense; and that the county court accepted said report, &c. It was proved that the highway was not opened, as ordered.

The respondent insisted that the judgment and order of the county court, upon said report, was invalid, and that the said court had not jurisdiction over the town of Hardwick, so as to make any valid order upon said town, and that the whole order of the court upon said report was void, for want of such jurisdiction. The court rendered judgment that the respondent was guilty, to which the respondent excepted.

*Peck & Colby*, for the respondent.

*F. F. Merrill*, state's attorney, for the prosecution,

The opinion of the court was delivered by

BENNETT, J. It is claimed that the order of the county court, establishing the road, &c., was invalid, upon the ground that the town of Hardwick, situated in another county, was ordered to make contribution, and it is said the county court had no jurisdiction over it. We think the right to call upon other towns for contribution is not limited to the county line. The language of the act extends the right to call for contribution upon other towns in the vicinity, and nothing is said about their being in the same county; and the reason of the thing should not confine the right to call for contribution to the county line.

Judgment that the defendants take nothing by their exceptions.